IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ROBERT JASON DILLARD                                                                    PLAINTIFF

v.                                        Civil No. 4:19-cv-04105

JAIL ADMINISTRATOR JANA TALLANT;
DEPUTY JOHN ERIC GILDWALL; and
SHERIFF BRIAN McJUNKINS, Howard
County, Arkansas                                                                        DEFENDANTS

## **REPORT AND RECOMMENDATION**

This is a civil rights action filed *pro* se by Plaintiff, Robert Jason Dillard, under 42 U.S.C. § 1983.  Before the Court is a Motion for Summary Judgment filed by Defendants Jana Tallant, Eric Glidewell,[1] and Brian McJunkins.  (ECF No. 24).  Plaintiff filed a Response and a Statement of Facts in support thereof.  (ECF Nos. 28, 29).  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

## **I. FACTUAL BACKROUND**

Plaintiff is currently incarcerated in the Arkansas Department of Correction – East Arkansas Regional Unit.  His claims in this action arise from alleged incidents which occurred while Plaintiff was being held in the Howard County Jail awaiting trial on pending criminal charges in August of 2019.  (ECF No. 1).

On August 9, 2019, Defendant Jana Tallant was informed by the Arkansas Department of Health that an inmate being housed in general population with Plaintiff tested positive for tuberculosis.  (ECF No. 26-2).  On August 11, 2019, Plaintiff filed a grievance stating:

---

[1] Defendant Glidewell is incorrectly identified in in the case caption as "Gildwall".

1

> …I am currently being housed with an inmate who is putting myself and all other inmates in A-Pod in a sevier risk of catching a deadly disease. As of 8-9-19 Jana Tallant was informed by doctors…that [an inmate]…has tuberculosis/T.B. This is a contagious disease to which the person with this disease cannot be housed with other inmates due to the risk of contracting the disease. This is a major violation of my and other inmates civil & constitutional rights and medical malpractice on part of the officers & the County Jail …

(ECF No. 26-2).  The following day, Defendant Tallant responded stating, "On 8-9-19 I spoke with Jan Dougan a nurse with the TB Outreach Program with the Arkansas Department of Health.  At that time she said there was nothing I needed to do until we got the results on the chest xrays from the doctor."  *Id.*

On August 12, 2019, Ms. Dougan informed Defendant Tallant the results of the tuberculosis x-rays were questionable, and the inmate needed further testing to determine if he had tuberculosis.  (ECF No. 26-3).  Defendant Tallant again asked Ms. Dougan if she "needed to move him away from other inmates" and was told "if we had a cell available that would be good, but if not it's okay."  *Id.*  Defendant Tallant then moved the inmate to a one-man cell and arranged for him to be taken to the local health department for additional testing.  *Id.*  On August 20, 2019, the Howard County Jail received correspondence from the Arkansas Department of Health stating, "…[inmate] can be released back into general population… 3 initial sputum smears are negative.  The MTB/RIF is negative… follow up chest x ray will be reviewed by the program doctor and recommendations will be made after final cultures have returned…  (ECF No. 26-4).

On August 28, 2019, Plaintiff filed the instant lawsuit naming the following individuals as Defendants:  Jana Tallant – Jail Administrator of the Howard County Jail, John Eric Glidewell – Deputy Sheriff of Howard County, and Brian McJunkins – Sheriff of Howard County.  *Id.*  Plaintiff describes his individual capacity claim against Defendants as "Medical Neglagence".  (ECF No.

2

1, p. 6.)  He alleges Defendant Tallant knowingly housed him with an inmate who tested positive for tuberculosis from August 9 through August 12, 2019 which "put [him] at risk of contracting the deadly and contagious disease."  *Id.* at p. 7.   He goes on to state Defendants Glidewell and McJunkins were the "boss over Jana Tallant" and "sheriff over all officers  of the jail" [and] allowed [their]…officers… to place [the inmate] back into general population after being informed by doctors of him being exposed to tuberculosis T.B…"  *Id.* at pp. 7-8.

Plaintiff describes his official capacity claim against all Defendants as follows: "[they] should know that it is policy to separate an inmate who has contracted or been exposed to a deadly disease such as tuberculosis from all other inmates immediately.  [They] did not and placed [the inmate] back into general population."  (ECF No. 1, p. 8).  Plaintiff is seeking compensatory and punitive damages.  He also asks that all his pending charges "be dropped or not processed and all individuals involved to be fired so no other inmate is ever placed in my position."  *Id.* at p. 8.

On April 13, 2020, Defendants filed the instant summary judgment motion arguing: 1) Defendants did not violate Plaintiff's constitutional rights; 2) Defendants are entitled to qualified immunity; and 3) Plaintiff has not identified any custom or policy of Howard County which caused a violation of Plaintiff's constitutional rights.  (ECF No. 24).  On April 13, 2020, Plaintiff filed a Response in opposition stating the inmate tested positive on August 9, 2019 and "this should have been enough of a symptom to separate [the inmate] from the rest of general population."  (ECF No. 29, p. 1).  Plaintiff goes on to say, "I was housed for 4 days with [the inmate]…I do not have tuberculosis but I could have possibly suffered an injury of contracting TB…"  *Id.* at p. 2.

## II. LEGAL STANDARD

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the nonmoving party, the record "shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986). "Once a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists." *Nat'l Bank of Comm. v. Dow Chem. Co*., 165 F.3d 602, 607 (8th Cir. 1999).

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "They must show there is sufficient evidence to support a jury verdict in their favor." *Nat'l Bank*, 165 F.3d at 607 (citing *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249 (1986)). "A case founded on speculation or suspicion is insufficient to survive a motion for summary judgment." *Id*. (citing, *Metge v. Baehler*, 762 F.2d 621, 625 (8th Cir. 1985)). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

### III. DISCUSSION

#### A. Conditions of Confinement

Although Plaintiff describes his individual capacity claim against Defendants as medical negligence, the Court construes the claim as one for alleged unlawful conditions of confinement.[2] "[W]hen the State takes a person into its custody and holds him there against his will, the

---

[2]Negligence is not actionable under Section 1983. *See Estelle v. Gamble,* 429 U.S. 97 (1976) (holding medical malpractice/negligence does not state a claim); *Farmer v. Brennan,* 511 U.S. 825 (1994) (more than negligence is required to state a claim for unlawful conditions of confinement).

Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." *County of Sacramento v. Lewis,* 523 U.S. 833, 851 (1998) (citation omitted). The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *See Farmer v. Brennan,* 511 U.S. 825, 832 (1994).

The Court must analyze Plaintiff's claim under the Fourteenth Amendment's Due Process Clause rather than the Eighth Amendment because he was a pretrial detainee at the time he was housed with an inmate who tested positive for tuberculosis. *See Stearns v. Inmate Services Corporation,* 957 F.3d 902 (8th Cir. 2020) citing *Bell v. Wolfish,* 441 U.S. 520, 535 (1979). In *Stearns,* the Eighth Circuit quoted *Bell* and stated "the proper inquiry is whether [the] conditions amount to punishment of the detainee and whether the conditions of confinement were reasonably related to a legitimate goal or were excessive as compared to that goal." *Bell,* 441 U.S. at 535. However, "[t]here is … a de minimis level of imposition with which the Constitution is not concerned." *Bell,* 441 U.S. at 539 n.21 (quoting *Ingraham v. Wright,* 430 U.S. 651, 674 (1977).

Although the case was not analyzed under the Fourteenth Amendment, in *Helling v. McKinney,* 509 U.S. 25, 33-34 (1993), the Supreme Court held the Eighth Amendment protects against future harm to inmates if the Plaintiff proves threats to personal safety from conditions, such as mingling of inmates with serious contagious diseases with other inmates; and, if the conditions establish deliberate indifference to a substantial risk of serious harm. While the Eighth Amendment "has no application until there has been a formal adjudication of guilt," the Fourteenth Amendment gives state pretrial detainees rights which are "at least as great as the Eighth Amendment protections available to a convicted prisoner." *Walton v. Dawson,* 752 F.3d 1109, 1117 (8th Cir. 2014).

"It is well known that TB is a serious disease harmful to the lungs and other organs and that prisons are high risk environments for tuberculosis infection." *Butler v. Fletcher*, 465 F.3d 340, 342 (8th Cir. 2006) (internal quotation marks and citation omitted). In *Butler,* the Court noted infected persons have either active tuberculosis, which is contagious, or inactive tuberculosis, which is suppressed by the immune system and not contagious. "The disease is typically spread when a person with active tuberculosis coughs, sneezes, or exhales. A person with active TB is no longer contagious once treatment begins. Thus, in a prison setting, an inmate diagnosed with active TB should be segregated from the general population for treatment until the inmate is no longer infectious." *Butler,* 465 F.3d at 342 (footnote and citations omitted).

Here, Plaintiff admits he did not contract tuberculosis and the summary judgment record confirms the inmate who initially tested positive was later determined to be non-contagious. It is not clear from the summary judgment record whether the inmate had inactive tuberculosis or if the first test he received indicating he was positive was incorrect. Merely being housed with someone having inactive, non-contagious tuberculosis is insufficient to state a claim, as there was no risk of developing the disease. *Butler,* 465 F.3d at 345. *See also, Whitt v. Cradduck,* Case No. 5:16-CV-05024 at *3 (W.D. Ark. 2016); *Cannady v. Cradduck,* Case No. 5:16-CV-05039 at *7 (W.D. Ark. 2016). Hence, the four days Plaintiff was housed in general population with the inmate did not constitute punishment in any sense of the word because there was no risk to Plaintiff's health or safety.

Finally, even if the Court assumes, *arguendo,* that Plaintiff's allegations state unlawful conditions of confinement Plaintiff does not allege he suffered any actual physical injury because of these conditions. *See Irving v. Dormire,* 519 F.3d 441, 448 (8th Cir. 2008) (prisoner must suffer an actual injury to state an Eighth Amendment claim). Pursuant to the PLRA, "[n]o Federal civil

6

action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Accordingly, Plaintiff fails to state any claims based on his conditions of confinement.

### B. Official Capacity Claims

Plaintiff also sues Defendants in their official capacities. Under § 1983, a defendant may be sued in either his individual capacity, or in his official capacity, or claims may be stated against a defendant in both his individual and his official capacities. *Gorman v. Bartch*, 152 F.3d 907, 914 (8th Cir. 1998). Official capacity claims are "functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). In other words, Plaintiff's official capacity claims against Defendants are treated as claims against their employer Howard County. *See Murray v. Lene*, 595 F.3d 868, 873 (8th Cir. 2010).

"[I]t is well established that a municipality [or county] cannot be held liable on a *respondeat superior* theory, that is, solely because it employs a tortfeasor." *Atkinson v. City of Mountain View, Mo.*, 709 F.3d 1201, 1214 (8th Cir. 2013). To establish liability on the part of Howard County under section 1983, "plaintiff must show that a constitutional violation was committed pursuant to an official custom, policy, or practice of the governmental entity." *Moyle v. Anderson*, 571 F.3d 814, 817 (8th Cir. 2009) (citation omitted).

Here, Plaintiff has not alleged any policy, practice, or custom of Howard County contributed to the alleged violation of Plaintiff's constitutional rights. Accordingly, Plaintiff's official capacity claims against Defendants fail as a matter of law. *Id.*[3]

---

[3] Because the Court has found Defendants did not violate Plaintiff's constitutional rights it is not necessary to address the issue of qualified immunity.

## IV. CONCLUSION

For the reasons stated above, I recommend Defendants Jana Tallant, John Eric Glidewell, and Brian McJunkins' Motion for Summary Judgment (ECF No. 24) be **GRANTED** and all individual and official capacity claims against them be **DISMISSED WITH PREJUDICE**.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 29th day of May 2020.**

*/s/ Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE